## STATEMENT OF FACTS

On December 29, 2021 at approximately 9:21 PM (EST), Officers with the Metropolitan Police Department ("MPD") R. Amengual (Driver), M. Konkol (Front Passenger), Z. Salavatov (Back Drivers Side), and J. Blasting (Back Passenger Side) of the Fifth District Crime Suppression Team were working the evening tour of duty, operating a marked scout car, utilizing call sign "CST12" in full police uniform and with body worn cameras activated, when they observed a dark colored Scion TC with smoke coming from the sunroof of the vehicle and bearing a Temporary Virginia Registration of 78978P parked with the engine running in front of 1339 Childress Street NE, Washington, DC 20002.

Officers approached the vehicle and the driver lowered the window at which point officers observed a cloud of white smoke with the strong odor of marijuana emanating from the vehicle. The driver of the vehicle would later be identified by her DC Driver's License to be B.M. The vehicle had other occupants in addition to B.M., including J.B. (Front Passenger); T.B. (Rear Driver Side); and Carlos Price (DOB: \*\*/\*\*/1999) (Rear Passenger Side).

Officer Blasting observed in plain view a clear plastic twist containing a green leafy substance which appeared to be marijuana in the backseat of the vehicle. Officers then stepped the occupants out of the vehicle. Officers asked all occupants their age and determined that three occupants, including the driver, were under the age of 21 and therefore cannot legally possess marijuana in the District of Columbia. Officers conducted a search of the vehicle for additional marijuana and found the following items:

(1) Clear Plastic twist containing green leafy substance (7.5 grams) – in the back seat of the vehicle between both rear passengers, to include Carlos Price (hereinafter "Defendant Price").

(2) Handgun – on the front passenger side floorboard inside a jacket pocket.

Make: Kimber
Model: Micro
Caliber: .380
Serial Number: P0098980

As Officers were conducting their investigation, Defendant Price, who was standing outside the vehicle on the sidewalk, attempted to flee and enter 1339 Childress Street N.E., close to where the vehicle was parked.

Officers pursued and grabbed Defendant Price, though Defendant Price attempted to pull away from officers and kicked and kneed Officer Blasting about his legs, causing him bodily pain as Defendant Price attempted to enter 1339 Childress Street N.E.

Additionally, at one point during the struggle to detain Defendant Price, Defendant Price stuck his righthand inside the front part of his pants, directly over his groin in a drawing motion to retrieve a firearm. An officer yelled "gun," believing Defendant Price to possess a weapon and Officer Blasting clamped his hand over Defendant Price's hand while it was inside of his pants,

1

holding what Officer Blasting believed to be a firearm, in order to prevent him from drawing a firearm and using it against officers.

Defendant Price was placed under arrest for Assaulting a Police Officer and was transported to the Fifth District for Processing, detained in handcuffs. Officers did not immediately pat down Defendant Price on scene nor did they conduct a search incident to arrest due to the chaotic nature of the circumstances surrounding Defendant Price's arrest, including multiple other individuals shouting at officers, and the desire to have Defendant Price transported away from the scene as quickly as possible.

At the Fifth District, Officer J. Love conducted the search incident to arrest, he found tucked inside of a pair of thermal pants a firearm. Officer J. Love retrieved the firearm from inside of the pants.

The firearm recovered can be described as follows:

Make: Polymer 80
Model: P80
Caliber: 9mm
Privately Manufactured Firearm (a.k.a, "Ghost Gun")/No Serial Number

The firearm had a magazine with the capacity to hold 10 rounds of ammunition. At the time of recovery, there was one 9mm round of ammunition in the firearm's chamber and an additional nine 9mm rounds in its magazine. There are no ammunition manufacturers in the District of Columbia. Therefore, the ammunition in this case would have necessarily traveled in interstate commerce.

At the time of recovery, the firearm appeared to fully functional, is designed to expel a projectile by means of an explosive action, has a barrel length of less than twelve inches and is capable of being fired by the use of a single hand.

A query of JUSTIS revealed that Defendant Price pled guilty to Robbery while Armed in the District of Columbia Superior Court (Docket: 2016 CF3 011680), which carries a penalty of imprisonment greater than one year and is deemed to be a crime of violence under D.C. Code 23-1331. He was sentenced to 60 months' imprisonment, and upon information and belief, released in late 2020.

Based on the foregoing, I submit that there is probable cause to believe that PRICE violated 18 U.S.C. § 922(g), which makes it a crime for a person previously convicted of a crime punishable by a term of imprisonment exceeding one year to possess ammunition, and D.C. Code 22-4503(a)(1), 4503(b)(1), which makes it a crime for a person previously convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm.

_____
OFFICER ROBERT AMENGUAL
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 30th day of December 2021.*

_____
ROBIN MERIWEATHER
U.S. MAGISTRATE JUDGE

3